UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | (Formerly case no. 22 CR 0461501, |
| | ) | Circuit Court of Cook County, Illinois) |
| CHARLES SIKANICH, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

To:    James P. McKay, Jr.                          Clerk of the Circuit Court of Cook County
       Tomasik Kotin Kasserman                      County Department, Criminal Division
       Law Offices of James P. McKay, Jr.           2600 South California Avenue
       161 North Clark Street, Suite 3050           George N. Leighton Criminal Court Building
       Chicago, Illinois 60601                      Office of the Presiding Judge, Room 101
                                                    Chicago, Illinois 60608
       Jonas Hager
       Richard Cenar
       Illinois Attorney General
       115 South LaSalle Street
       Chicago, Illinois 60603

The Bureau of Alcohol, Tobacco, Firearms & Explosives, by its attorney, Morris Pasqual,

Acting United States Attorney for the Northern District of Illinois, submits this notice of removal

concerning a subpoena proceeding in the above-captioned criminal action from the Circuit Court

of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant

to 28 U.S.C. §1442(a)(1), and in support states the following:

1.      On December 5, 2023, counsel for defendant Charles Sikanich issued a state court

subpoena duces tecum to the Bureau of Alcohol, Tobacco, Firearms & Explosives, commonly

referred to as the ATF, in the state court criminal proceeding of *People of the State of Illinois v.*

*Sikanich*, No. 22 CR 0461501 (Ill. Cir. Ct.).  The subpoena requested all internal affairs records

and disciplinary reports and findings and recommendations pertaining to a special agent during his career with the ATF. On December 14, 2023, the state court judge ordered the ATF to deliver all internal affairs records requested in the subpoena to his chambers so that he could conduct an in camera review on February 1, 2024. Copies of all process, pleadings, and orders received by the ATF, including the subpoena and order, are attached as Exhibit 1.

2.    The federal officer removal statute, 28 U.S.C. § 1442, permits removal of any "civil action" or "criminal prosecution" directed to any federal agency or officer for or relating to any act under color of such office. § 1442(a). A "civil action" or "criminal prosecution" includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." § 1442(a), (d)(1). "If removal is sought for" such a subpoena proceeding, "and there is no other basis for removal, only that proceeding may be removed to the district court." § 1442(d)(1).

3.    The ATF is a domestic law enforcement agency within the United States Department of Justice, a federal agency. *About the Bureau of Alcohol, Tobacco, Firearms and Explosives*, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *available at* https://www.atf.gov/ (last visited Dec. 29, 2023). The state court proceeding concerning the subpoena Sikanich's counsel issued to the ATF and its officers is therefore directed to a federal agency and its officers for or relating to acts under color of such office and subject to removal to this court under § 1442(a)(1).

5.    Due to sovereign immunity principles, state courts may not compel production of records or compliance with discovery by federal agencies or officials, or persons working under the direction of federal agencies or officials. *Edwards v. Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994); *Dunne v. Hunt*, No. 06 C 170, 2006 WL 1371445, *4 (N.D. Ill., May 16, 2006) (because

the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official).

6.    Accordingly, because the state court lacked jurisdiction against the ATF and its officers, this court acquires no jurisdiction upon removal, and the state court subpoena proceeding directed at the ATF and its officers should be dismissed on derivative jurisdiction grounds. *Edwards*, 43 F.3d at 316; *Illinois v. Holmes*, 17 C 183, 2017 WL 2345631, * 2 (N.D. Ill. May 30, 2017); *Hyde v. Stoner*, No. 11 C 4556, 2012 WL 689268, *2 (N.D. Ill. March 2, 2012) (vacating and dismissing state divorce court order compelling disclosure of EPA personnel records for lack of jurisdiction); *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020) ("when a defendant timely raises the derivative jurisdiction doctrine, it erects a mandatory bar to the court's exercise of federal jurisdiction").

WHEREFORE, the state court proceeding concerning the subpoena duces tecum counsel for defendant Charles Sikanich issued to the Bureau of Alcohol, Tobacco, Firearms & Explosives and any of its officers (and only that part of the proceeding) is properly removed to this court pursuant to 28 U.S.C. § 1442(a).

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Jordan Rosen
    JORDAN ROSEN
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5331
    jordan.rosen@usdoj.gov

# EXHIBIT 1

0300 Subpoena/Subpoena Duces Tecum      (12/01/20) CCCR 0066 A

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS

v.

CHARLES SIKANICH

Case No.   22 CR 0461501

## ☐ SUBPOENA   ● SUBPOENA DUCES TECUM

The People of the State of Illinois to all Peace Officers in the State - GREETING:

WE COMMAND THAT YOU SUMMON:

Bureau of Alcohol, Tobacco, Firearms & Explosives, Records Keeper, 175 W. Jackson, Suite 1500, Chicago, IL 60604

to appear to testify before the Honorable Judge Kenneth Wadas   on 12/14/23   in

Room _____502_____ , Circuit Court, 2650 S. California Ave.

Chicago   60608 , Illinois, at _____9:30_____ ● AM ○ PM

YOU ARE COMMANDED ALSO to bring the following:

All internal affairs records, and all disciplinary reports, findings and recommendations that pertain to Special Agent Christopher J. Labno during his career with A.T.F.

in your possession or control.

**YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.**

Atty. No.: 54718

Atty Name: James P. McKay, Jr.

Atty. for: Charles Sikanich

Address: 161 North Clark Street

City: Chicago   State: IL

Zip: 60601

Telephone: (312) 605-8800

Primary Email: jpmckaylaw@gmail.com

Secondary Email: jim@tkklaw.com

Tertiary Email:

Issued by: _____
Signature
● Attorney ○ Clerk of Court

Dated: 12/5/23

**Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois**   cookcountyclerkofcourt.org
Page 1 of 2

0300 Subpoena/Subpoena Duces Tecum                              (12/01/20) CCCR 0066 B

SERVICE:

I served this Subpoena or Subpoena Duces Tecum by handing a copy to:

A.T.F., 175 W. Jackson, Suite 1500, Chicago, IL 60604.

On _____ I paid the witness $ _____ for witness and mileage fees.

Signed and sworn to before me on: _____12/5/23_____

Notary Public

CHRISTINE A CASCINO
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
July 15, 2025

Order            (02/25/21) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS v. CHARLES SIKANICH

No. 22 CR 0461501

### ORDER

IT IS HEREBY ORDERED THAT THE A.T.F. DELIVER ALL INTERNAL AFFAIRS RECORDS REQUESTED IN DEFENDANT's SUBPOENA DUCES TECUM ISSUED 12/5/23 REGARDING S/A CHRISTOPHER LABNO TO THE CHAMBERS OF JUDGE KENNETH WADAS, 2650 S. CALIFORNIA, ROOM 502, CHICAGO, IL 60608 FOR AN IN CAMERA REVIEW. A PROTECTIVE ORDER IS ALSO ENTERED FOR THESE RECORDS AS WELL. Comply by Feb 1, 2024.

Attorney No.: 54718
Name: JAMES P. McKAY, JR
Atty. for: DEFENDANT
Address: 161 N. CLARK ST. #3050
City/State/Zip: CHICAGO, IL 60601
Telephone: (312) 605-8800

ENTERED:

Dated: DECEMBER 14, 2023

Judge's No. 1700

ENTERED
Judge Kenneth J. Wadas #1700
DEC 14 2023
IRIS Y. MARTINEZ
OF COOK COUNTY, IL

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Appearance                                              (12/01/20) CCCR 0114

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED
5/16/2022 8:14 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
22CR0461501
Wadas, Kenneth J
17919111

The People of the State of Illinois

|                       |           |
|-----------------------|-----------|
| Plaintiff             | No.  22 CR 0461501 |
| v.                    | Charge    |
| CHARLES SIKANICH      | UUW; Att. UUW; |
|                       | Official Misconduct |
| Defendant(s)          |           |

### APPEARANCE

The undersigned, as attorney, enters the appearance of

CHARLES SIKANICH

Defendant(s) in the above entitled cause.

_____
Attorney

Atty. No.: 54718

Atty Name: James P. McKay, Jr.

Atty. for: Charles Sikanich

Address: 161 North Clark Street, Suite 3050

City: Chicago            State: IL

Zip: 60601

Telephone: (312) 605-8800

Primary Email: jpmckaylaw@gmail.com

FILED DATE: 5/16/2022 8:14 PM  22CR0461501

FILED DATE: 5/16/2022 8:14 PM   22CR0461501

FILED
5/16/2022 8:14 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
22CR0461501
Wadas, Kenneth J
17919111

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CRIMINAL DIVISION**

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No:  2 CR 0461501 |
| | ) | |
| CHARLES SIKANICH, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR LEAVE TO FILE APPEARANCE
## OF COUNSEL AND FOR SUBSTITUTION OF ATTORNEYS

NOW COMES the Defendant, CHARLES SIKANICH, by and through his attorney,

JAMES P. MCKAY, JR., and prays this Honorable Court grant him leave to file the appearance

of JAMES P. MCKAY, JR, as counsel, and for substitution by JAMES P. MCKAY, JR., as the

attorney of record for Defendant's attorney of record, BLAIRE C. DALTON.  In support thereof,

Defendant attaches a Stipulation for Substitution of Attorneys signed by Defendant and JAMES

P. MCKAY, JR., and BLAIRE C. DALTON.

1

FILED DATE: 5/16/2022 8:14 PM   22CR0461501

JAMES P. MCKAY, JR. (Cook Co. # 54718)
Of Counsel
Tomasik Kotin Kasserman
161 North Clark Street
Suite 3050
Chicago, Illinois 60601
Office: (312) 605-8800
Facsimile: (312) 605-8808
Cell: (312) 835-8052
Email: jpmckaylaw@gmail.com

2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS, )
                                  )
                      Plaintiff,  )
                                  )
          v.                      )          No:  22 CR 0461501
                                  )
CHARLES SIKANICH ,                )
                                  )
                      Defendant.  )

## STIPULATION FOR SUBSTITUTION OF ATTORNEYS

The undersigned, CHARLES SIKANICH, hereby consents to the substitution of BLAIRE
C. DALTON by JAMES P. MCKAY, JR., as my attorney.

_____
CHARLES SIKANICH

The undersigned, BLAIRE C. DALTON of DALTON LAW, LLC, hereby withdraws as
the attorney for CHARLES SIKANICH.

*Blaire Dalton*
_____
BLAIRE C. DALTON
Attorney at Law
DALTON LAW, LLC
53 W. Jackson Blvd., Suite 1550
Chicago, IL 60604
(847) 373-4750
blairec.dalton@gmail.com

1

FILED DATE: 5/16/2022 8:14 PM   22CR0461501

FILED DATE: 5/16/2022 8:14 PM   22CR0461501

The undersigned, JAMES P. MCKAY, JR., hereby substitutes his appearance as attorney of record for CHARLES SIKANICH.

_____

JAMES P. MCKAY, JR. (Cook Co.# 54718)
Of Counsel
Tomasik Kotin Kasserman
161 North Clark Street
Suite 3050
Chicago, Illinois 60601
Office: (312) 605-8800
Facsimile: (312) 605-8808
Cell: (312) 835-8052
Email: jpmckaylaw@gmail.com

2

STATE OF ILLINOIS ⟩
⟩ SS
COUNTY OF COOK ⟩

FILED
8/23/2022 3:07 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
22CR0461501
Wadas, Kenneth J
19203301

FILED DATE: 8/23/2022 3:07 PM   22CR0461501

## IN THR CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS ⟩
⟩
Plaintiff, ⟩
⟩
v. ⟩   No. 22 CR 0461501
⟩
CHARLES SIKANICH, ⟩
⟩
Defendant. ⟩

## SUPPLEMENTAL MOTION FOR DISCOVERY

NOW COMES the Defendant, CHARLES SIKANICH, by his attorney, JAMES P. MCKAY, JR., and pursuant to Illinois Supreme Court Rule 412, moves this Honorable Court again for an order directing the Illinois Attorney General to disclose and produce certain evidence and information which is essential and material to the preparation of the defense. The defendant requests that such disclosures and production include, but is not limited to the following:

1.  The entire criminal history of James Gouskos, M/W, born in 1970, including Chicago, State of Illinois and Federal criminal histories listed under IR# 1055203, SID# 026932560 and FBI# 076509JA4.

2.  The transcript(s) of the Federal and State grand jury minutes, containing testimony of James Gouskos presented to the respective grand juries, relating to the Defendant and/or Alderman James Gardiner; (not including the transcript of Mr. Gouskos in the Cook County Grand Jury of April 20, 2022, already tendered by the State).

1

FILED DATE: 8/23/2022 3:07 PM   22CR0461501

3.  Any proffer agreements between James Gouskos and any federal or state prosecutors and any federal or state law enforcement officers.

4.  The handwritten notes of any investigator or prosecutor during the interviews of James Gouskos in this case or any related case, plus any video and audio tapes of any said interviews.

5.  Any written or signed statements of James Gouskos in this case or any related case.

6.  A disclosure of whether James Gouskos has received consideration of any kind from the Illinois Attorney General, his agents, any law enforcement officials, including but not limited to A.T.F, F.B.I., D.E.A., the U.S. Attorney's Office, the O.I.G. of Chicago or anyone connected to Mr. Gouskos in exchange for, or in relation to, his testimony or cooperation which would tend to show interest, bias or motive of such witness. Such disclosure shall include Mr. Gouskos' work history, past and present mental and emotional conditions, past and present alcohol or drug use, payments of money or promises of any benefits of any kind, either now or in the past or future.

7.  The current curriculum vitaes or resumes of Cody J. Toy and Gregory Stimmel and their handwritten notes of their work done in this case.

8.  The **unredacted** version of the discovery in this case, bate stamped OAG000001 – OAG000109.

9.  Finally, that an order be entered upon the prosecution to make such amendments from time to time to its answer as may be required by new or modified information in its possession, knowledge or control.


WHEREFORE, Defendant, CHARLES SIKANICH, respectfully requests this Honorable Court to enter an order requiring the prosecution to fulfill the aforesaid requests on or before the next scheduled court date or the earliest reasonable time possible.

FILED DATE: 8/23/2022 3:07 PM   22CR0461501

Respectfully submitted,

_____
JAMES P. MCKAY, JR.  (#54718)
Of Counsel, Tomasik Kotin Kasserman
161 North Clark Street
Suite 3050
Chicago, Il 60601
Office: (312) 605-8800
Facsimile: (312) 605-8808
Cell: (312) 835-8052
Email: jpmckaylaw@gmail.com
       jim@tkklaw.com

FILED
3/7/2023 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
22CR0461501
Wadas, Kenneth J
21743427

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CRIMINAL DIVISION**

THE PEOPLE OF THE STATE OF ILLINOIS,          )
                                Plaintiff,          )
                                        )
                v.          )          No. 22 CR 0461501
                                        )
CHARLES SIKANICH,          )
                              Defendant.          )

**RESPONSE TO THE PEOPLE'S MOTION IN LIMINE #1**

NOW COMES the Defendant, CHARLES SIKANICH, by his attorney James P. McKay, Jr., and in Response to the People's Motion in Limine #1 states the following:

**FACTUAL BACKGROUND**

Charles Sikanich's grandfather proudly served our country in the United States Army during World War II. He fought in the Battle of the Bulge. When his tour of duty was completed, he brought home a war trophy, a German machine gun. It was registered with the IRS because ATF hadn't been created yet. More importantly, the relic did not work. It had been deactivated. The barrel was plugged and welded, and the firing pin was removed making it incapable of firing one round much less several rounds. It was a "wall hanger" kept in the Sikanich family. Charles' grandmother and mother, respectively, kept it in their homes after his grandfather passed away.

By May 18, 2020, Charles was asked by his mother to see if this war trophy had any value. While on a work break, he went to a collector's store with a picture of the item. Unbeknownst to Charles, an undercover ATF agent was at the store recording the brief meeting. Also unknown to Charles, the owner of the store was a multiple convicted felon trying to work off a serious

FILED DATE: 3/7/2023 12:00 AM   22CR0461501

FILED DATE: 3/7/2023 12:00 AM   22CR0461501

felony case in Federal Court.  Nevertheless, it was clear during the conversation that Charles knew nothing about machine guns.  Charles left the store.  He never attempted to sell the item to anyone.

Over a year later, August 18, 2021, ATF agents came to Charles' home and seized the item after he gave them consent to search.  Indeed, he told them where the item was stored.  Charles had nothing to hide.  The relic from WW II did not work.  In fact, it never worked during Charles' life and his mother's life.

Four months later, ATF transported the war relic to a laboratory over 600 miles away and had an experienced firearms examiner work diligently in a laboratory to make the item fully functional.

Four months after that, and almost two years after Charles was secretly recorded, the State indicted him for possessing a "machine gun" and trying to sell it.

The defense seeks to call an expert witness, Mr. Kenneth Krok, a retired firearms examiner from the Chicago Police Department.  The State was tendered Mr. Krok's extensive curriculum vitae but now moves to prevent Mr. Krok from offering his expert opinions.  For the following reasons the State's motion must be denied.

## <u>ARGUMENT</u>

Illinois law applies in this case, yet the People of the State of Illinois failed to cite any Illinois Rule of Evidence on expert witness testimony to support any of their arguments.  The authority in Illinois regarding the admissibility of expert testimony is found in the Illinois Rules of Evidence, specifically Rules 701 through 705.

IRE 701 allows lay witnesses to offer opinions that are rationally based on the witness' perception; and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and is not based on scientific, technical or specialized knowledge.

IRE 702 allows qualified expert witnesses to testify who have scientific, technical or specialized knowledge to offer their opinions in that field of expertise to assist the trier of fact to help understand the evidence or determine a fact in issue.

IRE 703 allows expert witnesses to base their opinions on facts or data that is reasonably relied on by experts in the field even if the facts or data is not admissible as evidence. For example, the expert can rely on inadmissible hearsay as a basis for forming his opinion.

IRE 704 allows expert witnesses to offer opinions that embrace an ultimate issue to be decided by the trier of fact.

IRE 705 allows expert witnesses to offer opinions or inferences without first testifying about the underlying facts or data that support the opinions. However, on cross examination the expert may be required to disclose these facts or data.

All the above Rules allow for Mr. Krok to testify. The knowledge necessary to convert the war relic to a fully functional machine gun is a scientific or technical or specialized type of knowledge that most lay persons do not possess. Mr. Krok possesses this specialized knowledge.

## I.     Mr. Krok's Testimony is Relevant.

The State makes a relevance argument. Their argument is misspaced. All evidence that tends to make the existence of a fact more probable or less probable is relevant. IRE 401. And all relevant evidence is admissible unless it is too prejudicial, confusing or a waste of time. IRE 402 and 403.

FILED DATE: 3/7/2023 12:00 AM   22CR0461501

3

In this case, any evidence that the war relic could be "readily restored to shoot" (or not) is relevant evidence. Presumably, the State's expert will opine that the item can be readily restored to shoot. The defense expert should be allowed to offer a contrary opinion. The trier of fact is free to accept or reject, in whole or in part, the opinions of either gentleman or both.

Contrary to the State's argument, expert witnesses **are** allowed to provide their thoughts, beliefs and inferences. *Prairie v. Snow Valley Health,* 324 Ill. App. 3d 568, 755 N.E.2d 1021 (2d Dist. 2001) (Emphasis added). These beliefs can be drawn from the specialized knowledge that the witness has on a subject but in addition, the expert may opine about matters of common knowledge if it will help explain a somewhat complicated topic and because the fact finder can accept or reject such testimony. *Miller v. Pillsbury Co.,* 33 Ill. 2d 514, 211 N.E. 2d 733 (1965).

All the State's arguments go to the weight of the testimony and not the admissibility of the testimony. Arguably, the State may address these issues on their cross examination of Mr. Krok, but he should not be barred from testifying. All that is necessary for expert testimony to be admitted is the expert's experience and qualifications afford him knowledge that most lay persons do not have and the testimony assists the trier of fact. *People v. Miller,* 173 Ill. 2d 167, 186 (1996).

## II.  Mr. Krok's Testimony is Based on the Evidence and Not Conjecture.

The State claims that Mr. Krok's expert opinion is based on speculation and conjecture and is made without a factual basis. This claim is false. The expert was provided with the discovery in the case which clearly shows the defendant had no specialized knowledge or skill with regards to the WW II relic and how to make it operational. The defendant was a ward superintendent for the city, not a firearms expert. The young man dealt with ward constituents

4

for things like garbage collection, graffiti and the like. The informant was a constituent and the collector's store was located in the ward.

Most lay persons do not know how to make a deactivated "machine gun" fully functional. Mr. Krok is more than a lay person. Mr. Krok's specialized training, knowledge and experience will assist the trier of fact in determining the ultimate issues in this case.

### III.   Mr. Krok's Testimony is Admissible Under IRE 703.

Conspicuously absent from the State's motion is any reference to Illinois Rule of Evidence 703. Rule 703 reads as follows:

> **The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data *need not be admissible in evidence.*** (Emphasis added).

IRE 703, alone, can be relied on by this Court to deny the State's motion. Under IRE 703, every expert witness is entitled to base his testimony upon facts and data that need not be admissible in evidence, like hearsay. In *People v. Anderson,* 113 Ill. 2d 1 (1986), the Illinois Supreme Court, relying on the decisions of *Wilson v. Clark,* 84 Ill. 2d 186 (1981) and *People v. Ward,* 61 Ill. 2d 559 (1975), held that an expert may rely on reports (and statements) that are substantively inadmissible if experts in the field reasonably rely on such materials.

In the case at hand, discovery revealed a meeting between Charles, and undercover ATF agent and an informant with a substantial criminal history trying to work off a very serious felony case. The meeting took place in the informant's store, a business that did appraisals on coins and other items of antiquity. The meeting was video and audio recorded. Charles merely brought a picture of his grandfather's war relic to the meeting. The conversation clearly revealed that Charles' mother owned the item, that Charles knew nothing about machine guns, and that

FILED DATE: 3/7/2023 12:00 AM   22CR0461501

FILED DATE: 3/7/2023 12:00 AM   22CR0461501

the item did not work.  Presumably the State will introduce evidence of this meeting in their case in chief.

The above evidence coupled with the State's expert witness' report, along with all the reports in this case, plus Mr. Krok's own research in the matter, are some of the materials that Mr. Krok relied on before reaching his opinions.  The State argues that Mr. Krok is relying on self-serving hearsay.  IRE 703 allows expert testimony even if hearsay is a basis for the opinions.

It is clear from his curriculum vitae that Mr. Krok is qualified as a forensic firearms expert. (Attached as Exhibit A is Mr. Krok's C.V.).  He has testified many times as a firearms examiner. His testimony will assist the trier of fact in this case.  He should be allowed to testify.

WHEREFORE, the Defendant, CHARLES SIKANICH respectfully requests that this Honorable Court deny the State's Motion in Limine #1.

Respectfully submitted,

James P. McKay, Jr.
Attorney for CHARLES SIKANICH

James P. McKay, Jr. (Cook Co. Atty. # 54718)
Of Counsel
Tomasik Kotin Kasserman
161 North Clark Street, Suite 3050
Chicago, Il 60601
(312) 605-8800 – office
(312) 605-8808 -fax
(312) 835-8052 – cell
jpmckaylaw@gmail.com
jim@tkklaw.com

6

FILED DATE: 3/7/2023 12:00 AM   22CR0461501





EXHIBIT

*A*

**Kenneth M. Krok**
**Chicago Police Department (Retired)**
**Forensic Firearms Lab**
**Chicago, Illinois**
**(773)851-2032**

# *Curriculum Vitae*

- **Firearms Instructor-***United States Army/Military Police Corps*.  Received firearms training at Ft McClellan, Alabama.  Conducted firearms training which included the disassembly and assembly of various semi automatic and fully automatic weapons.  They included the M1911A1 pistol, M-16A1 rifle, M-203 Grenade Launcher and M-60 machine gun.  Training courses that were conducted, not only included the assembly and disassembly of those weapons, but the maintenance and marksmanship skills needed to accurately fire those weapons. The M-60 Machine Gun skills training included "machine gun crew drills". These are the essential tactics and skills needed to properly place the M60 into a "combat ready" gun emplacement and operate the M60 with the gunner, assistant gunner.
  1982-1988

- **Firearms Instructor Course** – *Chicago Police Department, Training Academy* Qualified for the five day course, which included live fire. Completed and demonstrated the proper skill with current firearm shooting, live fire and dry practice, night / low lighting shooting, flashlight use, stance(s), grip(s), pistol draws, malfunction drills, target acquirement, target discrimination (shoot don't shoot), sight alignment, proper equipment use, trigger control, nomenclature, ability to teach shooter(s) how to shoot, putting together a lesson plans and teaching the fundamentals of shooting. Passed the course and earned a State of Illinois Certificate by the Illinois Law Enforcement Training and Standards Board with a 40 hour course as a Firearms Instructor. Awarded a *Certificate of Achievement* by the Chicago Police Department and certification from the State of Illinois for successful completion as a Firearms Instructor.  Instructors Trainers; Bradley J. Bertram and Dora M. Hindman. February 4 – 8, 2013

FILED DATE: 3/7/2023 12:00 AM  22CR0461501

- **Integrated Ballistics Identification Systems (IBIS) and Comparison Microscope (Peer Reviewed)** - *State of Illinois Police Forensic Lab, Firearms Section - Chicago, IL.*
  Examining fired cartridge cases for suitability with a comparison microscope. Entering test fired cartridge cases into IBIS Brass Trax – 3D with results being verified with Matchpoint +. All work was peer reviewed by Illinois State Police, Forensic Scientist of the Firearm and Toolmark Section, Jon M. Flaskamp. February 12, 13, 2013

- **Firearms Shotgun Familiarization** – *Chicago Police Department*
  Training covered; muzzle awareness, weapons etiquette techniques, proper signing out of department shotguns, assembly and disassembly of Chicago Police Department shotguns, identifying various parts of the shotgun, proper carriage, proper finger placement, different weapon conditions, loading and unloading of patrol shotguns, ammunition inspection, proper transport of the patrol shotgun(s), proper discrimination techniques (shoot – don't shoot), clearing malfunction(s), techniques for transition to secondary weapon (handgun), distance and effect of shotgun deployment, buck-shot patterns, and various drills with live fire.

- **Care and cleaning of firearms** - *Chicago Police Department*
  Hands-on training, visual and physical inspection, assembly and disassembly, proper method(s) of field stripping firearms, procedures for inspecting, maintaining and cleaning firearms. Also covered nomenclature and terminology used with firearms.

- **COMAC with LED ILLUMINATOR** - *Chicago Police Department by Forensic Technology, Inc. – Franco Luck*
  Comparison Microscope: COMAC is a modular system for any side-by-side comparison application, in Ballistics for comparison of traces on fired ammunition, for tool marks examination and for document comparison. Having the ability to see, inspect and correct images directly on the monitor and to print them immediately. The COMAC is a comparison microscope that is connected with the PIA 7000 software, windows system drivers and supported cameras. January 28 – 29, 2013

- **Firearms Processing Training** – *Chicago Police Department*
  Procedures for firearms taken into police custody. Handling, ensuring firearms are unloaded, resources used for unloading firearms, multiple firearms taken into custody, placing markings on firearms as needed, notifications, inventorying,

FILED DATE: 3/7/2023 12:00 AM 22CR0461501

describing and descriptions of firearms, reporting procedures, proper packaging, sending firearm for further processing and procedures for returning firearms to owner(s) and or agent(s).

- **Integrated Ballistics Identification Systems (IBIS) and Matchpoint +**
  *- State of Illinois Police Forensic Lab by Forensic Technology, Inc. and coordinated by ATF IBS Training Coordinator – Nici McCall*
  Training covered the Brass Trax system which is used to enter the cartridge cases into IBIS and the Matchpoint + gives the correlations of possible candidates to look at for a possible match. Training covered the proper use of these systems. The training was verified with a hit in the Matchpoint + by ATF and certification was given by ATF. November 26 – 30, 2012

- **Weapons Discharge** – *Chicago Police Department*
  Proper procedures and requirements after a weapons discharge incident.
- **Weapons Training-** *Hollow Training Center, Mount Carroll, Illinois .* Steel Madness 2013. Competed in 6 courses of fire, both stationary and mobile. The courses of fire were timed and required immediate action to return the firearm to battery in the event of a malfunction. September 21, 2013.
- **Armorer Certification-** *Glock Inc, River Forest, Illinois.* 10 October 2013.
- **Armorer Certification-** *Smith & Wesson M&P, Lake Forest, Illinois.* 22 October 2012- S&W M&P Pistol
- **Armorer Certification-** *Smith & Wesson M&P, Lake Forest, Illinois.* 22-23 October 2013- M&P 15 Carbine
- **True North Leadership -** *Chicago Police Training Academy, Chicago, Illinois* December 03, 2013. Discussion included leadership traits & styles which included approaches in fundamentals and leadership growth.
- **Assessment of Cartridge Cases for Acquisition into Brass TRAX** – *Chicago Police Department by ATF*
  Training covered how to recognize and appropriately interpret markings observed on cartridge cases recovered from crime scenes, which included firing pin drag marks, shear markings, breach face markings, firing pin scrape marks, firing pin impressions, ejector markings, extractor override and gouge marks, magazine lip marks, chamber markings, impact damage, ejection port marks, slide drag marks, and slide scuff marks. This included specific firearms that leave unique marks that are inherent to only that firearm and the effects of debris and pressures on transferring of markings. The effects of firing a firearm from a straight blow back and delayed blow back system and the markings transferred to the fired cartridge cases. – *ATF Firearm and Tool Marks Examiner, Ron Nichols, ATF NIBIN Branch, National Technology Coordinator,* February 27, 2014

- **Declaration as a Firearms Expert-Chicago/***1st Municipal District Court of Cook County*

FILED DATE: 3/7/2023 12:00 AM  22CR0461501

On 12 August 2014, Declaration by the Court as an Expert in the Field of Firearms, by The Honorable James M. Obbish, in the criminal matter of *The People of the State of Illinois v. Shirley Jones*, Docket #13CR5844. Testified in open court in that matter where expert testimony & opinions were rendered related to firearms knowledge, their functionality & identification.

- **Law Enforcement Medical and Rescue Training(LEMERT)/**O'Hare Airport* *Public Safety Bldg*
- On 13 January 2015 training covered the proper choice of medical equipment, based on the type & degree of injury, placement and use of that medical equipment. The equipment consisted of tourniquets, compression bandages and "Quick Klot" gauze. Passed the course and earned a State of Illinois Certificate by the Illinois Law Enforcement Training and Standards Board. Awarded a Certificate of Achievement by the Chicago Police Department for successful completion. Instructor Trainer: Brian Berkowitz.

- **Certification for Chicago Police Lead Homicide Detective-***Chicago Police Department, Police Academy*
- Trained Chicago Police Detectives from the around the City, on the capabilities of the Chicago Police Department, Forensic Firearms Lab. This is a (1)One hour block of instruction on how the Lab can assist with firearms investigations. The class is required as part of Detectives Illinois State certification as a Detective. Februrary 24, 2015

- **The BulletProof Mind: Psychological Preparation For Combat**. *Cook County Department of Homeland Security & Emergency Management & The Illinois Tactical Officers Association by Lt Colonel Dave Grossman,* 10 March 2015.

- **Declaration as a Firearms Expert-Chicago/** *2nd Municipal District Court of Cook County*
  On 27 May 2015, Declaration by the Court as an Expert in the Field of Firearms, by The Honorable Timothy Chambers, in the criminal matter of *The People of the State of Illinois v. Michael Olivieri*, Docket #14CR7206. Testified in open court in that matter where expert testimony & opinions were rendered related to firearms knowledge, their functionality & identification.
- **Declaration as a Firearms Expert-Chicago/***1ˢᵗ Municipal District Court of Cook County*
  On 23 June 2015, Declaration by the Court as an Expert in the Field of Firearms, by The Honorable Matthew Coghlan, in the criminal matter of *The People of the State of Illinois v. Trevon Ridgeway*, Docket #13CR17605. Testified in open court in that matter where expert testimony & opinions were rendered related to firearms knowledge, their functionality & identification.

- **Declaration as a Firearms Expert-Chicago/***1ˢᵗ Municipal District Court of Cook County*

FILED DATE: 3/7/2023 12:00 AM   22CR0461501

On 13 August 2015, Declaration by the Court as an Expert in the Field of Firearms, by The Honorable Michael McHale, in the criminal matter of *The People of the State of Illinois v. Jonathan Slaughter*, Docket #14CR19398. Testified in open court in that matter where expert testimony & opinions were rendered related to firearms knowledge, their functionality & identification.

- **Integrated Ballistics Identification System(IBIS)-E Learning Modules-***Forensic Technology*

   As part of on-going training and software updates, the following courses were mandated by ATF and the manufacturer, Forensic Technology, to be in compliance with mandates of the NIBIN user group.
   Website E-Learning Modules:
   IBIS TRAX-HD3D BULLETTRAX 3.0
   IBIS TRAX-HD3D BRASSTRAX 3.0
   IBIS TRAX-HD3D MATCHPOINT 3.0
   Certificates of Achievement were awarded 22 Sep, 2015.

- **XCAT-***Chicago Police Department with RedX Defense*

   This is a multi-analytical detection system featuring a "one-step method" detection of narcotics, explosives and gun shot residue. The user certification training covered the usage, history, reliability, maintenance and design. Training also included the areas of interest to be examined for possible trace evidence of gunshot residue. This allows timely intelligence information to be obtained within three minutes to assist in an on-going investigation in its early stages. The in-class training included a class member having the responsibility of firing a firearm, while wearing nitrile gloves, prior to class beginning. The student then washed his hands with soap and water. The examination for trace evidence included his forearm, which did test positive for the presence of trace gunshot residue.
   September 23, 2015- Vice President of sales & Marketing/RedX Defense, Chris Ellis

- **NCBRT-**Advanced Forensic Investigations for Hazardous Environments/ *Louisiana State University*
   o This training consisted of a 40-Hour course and completion of the National Center for Biomedical Research and Training/Academy of Counter-Terrorist Education course. The training consisted of the proper tactics and procedures in collection of evidence in a Haz-Mat environment. Also included was the proper donning and use of encapsulated chemical suits and SCBA equipment.

- **Declaration as a Firearms Expert-Chicago/***1st Municipal District Court of Cook County*

   On 26 Jan 2016, Declaration by the Court as an Expert in the Field of Firearms, by The Honorable Mary Margaret Brosnahan, in the criminal matter of *The People of the State of Illinois v .Jasper Lawrence*, Docket #15CR5697. Testified

FILED DATE: 3/7/2023 12:00 AM    22CR0461501

in open court in that matter where expert testimony & opinions were rendered related to firearms knowledge, their functionality & identification.

- **Certification for Chicago Police Lead Homicide Detective**-*Chicago Police Department, Police Academy*
  Trained Chicago Police Detectives from the around the City, on the capabilities of the Chicago Police Department, Forensic Firearms Lab. This is a (1)One hour block of instruction on how the Lab can assist with firearms investigations. The class is required as part of Detectives Illinois State certification as a Detective. March 16, 2016.

- **Taser User Certification**-*Chicago Police Department/Near North Training Facility*
  Received training which certified the use of the TASER X2. Training consisted of the functionality , handling and deployment procedures while utilizing this piece of equipment. April 15, 2016

- **Declaration as a Firearms Expert-Chicago/***1st Municipal District Court of Cook County*
  On 29 August 2016, Declaration by the Court as an Expert in the Field of Firearms, by The Honorable Alfredo Maldonado, in the criminal matter of *The People of the State of Illinois v. Kellen Edwards*, Docket #15CR9425. Testified in open court in that matter where expert testimony & opinions were rendered related to firearms knowledge, their functionality & identification.

- **Advanced Armorer's Certification (Glock)**, *River Forest, Illinois*, Sept 28-29, 2016

- **Declaration as a Firearms Expert-Chicago/***1st Municipal District Court of Cook County*
  On 15 February 2017, Declaration by the Court as an Expert in the Field of Firearms, by The Honorable Charles Burns, in the criminal matter of *The People of the State of Illinois v. DeAnthony Webb*, Docket #16CR5774. Testified in open court in that matter where expert testimony & opinions were rendered related to firearms knowledge, their functionality & identification.

- **Declaration as a Firearms Expert-Chicago/***Juvenile Division- Court of Cook County*
  On 10 Apr 2017, Declaration by the Court as an Expert in the Field of Firearms, by The Honorable Lana Charisse Johnson, in the criminal matter of *The People of the State of Illinois v. Andre Matthews*, Docket #17JD282. Testified in open court in that matter where expert testimony & opinions were rendered related to firearms knowledge, their functionality & identification.

FILED DATE: 3/7/2023 12:00 AM 22CR0461501

- **International Firearm Specialist-***Chicago Police Department*
  - o Training included the National Firearms Act and the Gun Control Act of 1968. Identification of classifications of firearms, weapons of mass destruction and other weapons. 17 – 19 April 2017, Daniel O'Kelly, Director of International Firearms Specialist Academy.

- **Firearm Safety Day**/*Chicago Fraternal Order of Police-Lodge 7.*
  - o On 24 May 2017 attended firearms safety inspections and familiarization of new law enforcement products and equipment.

- **NIBIN Mobile Vehicle**/*Chicago*

  Worked closely with senior Firearms & Tool Mark Examiners from the Bureau of Alcohol, Tobacco & Firearms in the triage, examination and correlation of fired evidence from active crime scenes/investigations of homicides and shootings. The evidence was rapidly entered into IBIS for real-time intelligence for the Detective Division. 11 June 2017.

- **Advanced Correlation Review Training/NIBIN Technical Workshop**/*Chicago Police Department*

  Training included the Manufacture of Firearm Parts & Implications for Review(Class & Sub-Class Markings) and Protecting Against Bias in Correlation Reviews. Ron Nichols/Nichols Forensic Science Consulting. 27 June 2017

- **Armorer Certification-** SIG SAUER Academy SIG P320, *Chicago Police Department, Chicago Illinois.* 02 October 2017.

- **Chicago Art Institute-** Chicago, Illinois,
- Training included the production and evolution of firearms from the early 1400s until the present. December 19, 2017.
-
- **Declaration as a Firearms Expert-Chicago/** *2nd Municipal District Court of Cook County*

  On 29 Nov 2021, Declaration by the Court as an Expert in the Field of Firearms, by The Honorable Michael Hood, in the criminal matter of *The People of the State of Illinois v. Richard Haro SR*, Docket #18CR2895. Testified in open court in that matter where expert testimony & opinions were rendered related to firearms knowledge, their functionality & identification.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that the foregoing documents:

### NOTICE OF REMOVAL

### MOTION TO DISMISS

were sent via email, by agreement, on January 2, 2024, to:

James P. McKay, Jr.
Tomasik Kotin Kasserman
Law Offices of James P. McKay, Jr.
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
jpmckaylaw@gmail.com

Jonas Harger
Richard Cenar
Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
jonas.harger@ilag.gov
richard.cenar@ilag.gov

s/ Jordan A. Rosen
JORDAN A. ROSEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5331
jordan.rosen@usdoj.gov